**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| EUGENE ALLEN, HILARY ANIH, CHLOE BEVERLY, MICHAEL HIGH, JASON McCULLOUGH, CATHERINE RAGLAND, and MARLO ROSE, for and in behalf of themselves and others similarly situated, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) | CIVIL ACTION NO. |
| | ) | |
| v. | ) | _____ |
| | ) | |
| ELITE PROMOTIONAL MARKETING, INC., *a/k/a* Elite Marketing Group, *a/k/a* Elite Marketing Group (Atlanta), *a/k/a* EliteACQ, | ) ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**
***COLLECTIVE ACTION - CLASS ACTION***

Plaintiffs EUGENE ALLEN, HILARY ANIH, CHLOE BEVERLY,

MICHAEL HIGH, JASON McCULLOUGH, CATHERINE RAGLAND, and

MARLO ROSE (collectively, "PLAINTIFFS"), for and in behalf of themselves

and others similarly situated and the classes they seek to represent, hereby

state claims for relief under the Fair Labor Standards Act, 29 U.S.C. § 201 *et*

*seq*. (the "FLSA"), and Georgia law on the grounds stated below.

## *Jurisdiction and Venue*

1. This Court has original subject-matter jurisdiction (a) under 28 U.S.C. § 1331 because this action arises under the laws of the United States, and (b) pursuant to 29 U.S.C. § 216(b) because this is an action to recover the liability prescribed by 29 U.S.C. § 207.  This Court, pursuant to 29 U.S.C. § 1367, has supplemental jurisdiction over all of PLAINTIFFS' state-law claims in this action because they are so related to the claim within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Under 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events or omissions giving rise to the claims in this action occurred Northern District of Georgia.

## *The Parties*

3. Plaintiff EUGENE ALLEN is a citizen of the state of Georgia and the United States and resides Northern District of Georgia.

4. Plaintiff HILARY ANIH is a citizen of the state of Georgia and the United States and resides Northern District of Georgia.

5. Plaintiff CHLOE BEVERLY is a citizen of the state of Georgia and the United States and resides Northern District of Georgia.

6. Plaintiff MICHAEL HIGH is a citizen of the state of Georgia and the United States and resides Northern District of Georgia.

7.     Plaintiff JASON McCULLOUGH is a citizen of the state of Georgia and the United States and resides Northern District of Georgia.

8.     Plaintiff CATHERINE RAGLAND is a citizen of the state of Georgia and the United States and resides Northern District of Georgia.

9.     Plaintiff MARLO ROSE is a citizen of the state of Georgia and the United States and resides Northern District of Georgia.

10.    Defendant ELITE PROMOTIONAL MARKETING, INC. ("DEFENDANT"), *a/k/a* Elite Marketing Group, *a/k/a* Elite Marketing Group (Atlanta), *a/k/a* EliteACQ, is a New York corporation doing business in the Northern District of Georgia.

11.    DEFENDANT is subject to the personal jurisdiction of this Court.

12.    DEFENDANT can be served by delivering a copy of the summons and of the complaint to its registered agent for service of process:  Incorp Services Inc., 2000 Riveredge Parkway, N.W., Suite 885, Atlanta, GA 30328.

### ***Grounds for this Action***

13.    Plaintiff EUGENE ALLEN is current employee of DEFENDANT.

14.    Plaintiff EUGENE ALLEN has been employed by DEFENDANT since on or about October 27, 2016.

15.    Plaintiff HILARY ANIH is current employee of DEFENDANT.

16.    Plaintiff HILARY ANIH has been employed by DEFENDANT since on or about Marc 3, 2017.

17.     Plaintiff CHLOE BEVERLY is a former employee of DEFENDANT.

18.     Plaintiff CHLOE BEVERLY was employed by DEFENDANT from on or about September 2016 to on or about April 13, 2017.

19.     Plaintiff MICHAEL HIGH is a former employee of DEFENDANT.

20.     Plaintiff MICHAEL HIGH was employed by DEFENDANT from on or about January 2016 to on or about August 2017.

21.     Plaintiff JASON McCULLOUGH is a former employee of DEFENDANT.

22.     Plaintiff JASON McCULLOUGH was employed by DEFENDANT from on or about August 2016 to on or about August 2017.

23.     Plaintiff CATHERINE RAGLAND is a former employee of DEFENDANT.

24.     Plaintiff CATHERINE RAGLAND was employed by DEFENDANT from on or about November 2015 to on or about May 8, 2017.

25.     Plaintiff MARLO ROSE is current employee of DEFENDANT.

26.     Plaintiff MARLO ROSE has been employed by DEFENDANT since on or about July 2014.

27.     At all times relevant to this action, PLAINTIFFS were each employed as a Sales Representative, also called a "Brand Ambassador," by DEFENDANT at Hartsfield-Jackson Atlanta International Airport.

28.     At all times relevant to this action, PLAINTIFFS each worked under the direct supervision of one of DEFENDANT's managers at kiosks in the Delta Air Lines gate areas bearing large "Delta®" and "American Express®" logos.

29.     At all times relevant to this action, PLAINTIFFS' job was to ask air-travelers in the Delta gate areas to complete and submit (a) applications for the Gold Delta SkyMiles American Express Credit Card and the Platinum Delta SkyMiles American Express Credit Card ("AMEX"), and (b) a survey for rating the individual plaintiff's performance.

30.     At all times relevant to this action, the credit card applications could be completed at the kiosk using one of DEFENDANT's computer tablets or on the applicant's own computer at their convenience using a code that enabled DEFENDANT to connect the submitted applications to the individual plaintiff.

31.     At all times relevant to this action, performance surveys could be completed on the applicant's own computer at their convenience using a code that enabled DEFENDANT to connect the submitted surveys to the individual plaintiff.

32.     At all times relevant to this action, DEFENDANT promised to pay each of PLAINTIFFS $10.00 per hour, plus a bonus for (a) each credit card application approved by AMEX, and (b) each performance survey submitted by an air-traveler.

33.     At all times relevant to this action, PLAINTIFFS used DEFENDANT's electronic timekeeping system when clocking-in and clocking-out.

34.     At all times relevant to this action, DEFENDANT used the entries in its electronic timekeeping system to calculate PLAINTIFFS' compensation.

35.     At various times relevant to this action, PLAINTIFFS each worked through, and did not take, any lunch break while employed by DEFENDANT.

36.     At various times relevant to this action, DEFENDANT and DEFENDANT's managers falsely reduced each PLAINTIFFFS' actual hours worked in a workweek by assigning 30-minute lunch breaks never taken.

37.     DEFENDANT and DEFENDANT's management were aware that PLAINTIFFS in fact worked during the 30-minute periods falsely deducted from their actual time worked in a workweek.

38.     At various times relevant to this action, PLAINTIFFS each worked past their normally scheduled end time while employed by DEFENDANT.

39.     At various times relevant to this action, DEFENDANT and DEFENDANT's managers falsely reduced each PLAINTIFFFS' actual hours worked in a workweek by cutting their actual hours worked past the normally scheduled end time.

40.     DEFENDANT and DEFENDANT's management were aware that PLAINTIFFS in fact worked additional hours past their normally scheduled end time that were falsely excluded from their actual time worked in a workweek.

41.     DEFENDANT did not pay PLAINTIFFS for all the time actually worked for those workweeks in which DEFENDANT falsely reduced their hours.

42.     At various times relevant to this action, DEFENDANT did not pay PLAINTIFFS all the bonuses earned and due for credit card applications approved by AMEX and for performance surveys submitted by air-travelers.

43.     At all times relevant to this action, PLAINTIFFS' primary job duties as a Sales Representative did not involve the exercise of independent judgment.

44.     At all times relevant to this action, each of PLAINTIFFS was an "employee" of DEFENDANT within the meaning of 29 U.S.C. § 203(e)(1).

45.     During each PLAINTIFFS' employment, DEFENDANT was an "employer" within the meaning of 29 U.S.C. § 203(d).

46.     During PLAINTIFFS' employment, DEFENDANT was not exempt from the overtime obligations for an "employer" under the FLSA.

47.     During each year of PLAINTIFFS' employment, DEFENDANT had an annual gross volume of sales made that was more than $500,000.

48.     During each year of PLAINTIFFS' employment, DEFENDANT had employees engaged in commerce within the meaning of the FLSA—who participated in the movement of persons or things in interstate commerce by regularly using the instrumentalities of interstate commerce in their work, such as the telephone, internet, and U.S. Mail, for interstate communications.

49.     During each year of PLAINTIFFS' employment, DEFENDANT was an enterprise engaged in commerce within the meaning of 29 U.S.C. 203(s)(1).

50.     As DEFENDANT's employees, PLAINTIFFS were each engaged in commerce within the meaning of the FLSA by participating in the movement of persons or things in interstate commerce by regularly using the

instrumentalities of interstate commerce in their work, such as the telephone, internet, and U.S. Mail, for interstate communication.

51.    As DEFENDANT's employee, PLAINTIFFS were each engaged in commerce and was employed by an enterprise engaged in commerce within the meaning of the FLSA.

52.    During PLAINTIFFS' employment, PLAINTIFFS were each covered by 29 U.S.C. § 207(a).

53.    DEFENDANT classified PLAINTIFFS' position as exempt for purposes of overtime compensation under the FLSA.

54.    PLAINTIFFS' position was not exempt for purposes of overtime compensation under the FLSA.

55.    At various times relevant to this action, Plaintiffs HILARY ANIH, CHLOE BEVERLY, MICHAEL HIGH, JASON McCULLOUGH, CATHERINE RAGLAND, and MARLO ROSE (the "FLSA-PLAINTIFFS") each worked more than 40 hours in a workweek while employed by DEFENDANT.

56.    DEFENDANT and DEFENDANT's management were aware of the extra hours that FLSA-PLAINTIFFS worked in excess of 40 hours in a workweek.

57.     DEFENDANT did not pay FLSA-PLAINTIFFS all the overtime compensation properly due for work performed in excess of 40 hours in a workweek.

58.     DEFENDANT did not pay FLSA-PLAINTIFFS all the overtime compensation properly due for work performed in excess of 40 hours in a workweek at the rate of 1.5 times their regular rate of pay, as increased to account for bonuses earned during the pay period.

### *FLSA Collective-Action Allegations - Unpaid Overtime*

59.     Plaintiffs HILARY ANIH, CHLOE BEVERLY, MICHAEL HIGH, JASON McCULLOUGH, CATHERINE RAGLAND, and MARLO ROSE (the "FLSA-PLAINTIFFS") bring this action as a collective action pursuant to 29 U.S.C. § 216(b).

60.     The Class that FLSA-PLAINTIFFS seek to represent, called the "FLSA-CLASS," is defined as:

> All current and former hourly paid employees of DEFENDANT who worked as Sales Representatives at Hartsfield-Jackson Atlanta International Airport, at anytime from [three years prior to mailing date of Notice to class] to [Notice mailing date], and who were not paid all overtime compensation properly due as required by federal law.

61.     FLSA-PLAINTIFFS consent to participate in this collective action through the written consents filed with this pleading [Doc. 1-1], which are a part of this pleading for all purposes pursuant to Fed. R. Civ. P. 10(c).

62.    The written consents of other similarly situated individuals to participate in this lawsuit may be filed with the Court from time to time as they opt-in to this litigation, pursuant to 29 U.S.C. § 216(b).

63.    FLSA-PLAINTIFFS seek to bring all claims arising under the FLSA for and in behalf of themselves individually and all other similarly situated employees in the FLSA-CLASS who:

(a)    were employees of DEFENDANT in any pay period falling within three chronological years immediately preceding the date on which this action was initially filed and continuing thereafter through the date on which final judgment is entered in this action; and

(b)    timely file, or have already filed, a written consent to be a party to this action pursuant to 29 U.S.C. § 216(b).

64.    FLSA-PLAINTIFFS and the FLSA-CLASS members seek unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and attorney's fees and costs.

65.    FLSA-PLAINTIFFS and the FLSA-CLASS members were employed by DEFENDANT at Hartsfield-Jackson Atlanta International Airport in Atlanta, Georgia.

66.    DEFENDANT willfully misclassified the positions of FLSA-PLAINTIFFS and the FLSA-CLASS members as exempt for purposes of overtime compensation under the FLSA.

- 11 -

67.    FLSA-PLAINTIFFS and the FLSA-CLASS members used DEFENDANT's electronic timekeeping system when clocking-in and clocking-out.

68.    DEFENDANT used the entries in its electronic timekeeping system to calculate compensation for FLSA-PLAINTIFFS and the FLSA-CLASS members.

69.    DEFENDANT compensated FLSA-PLAINTIFFS and the FLSA-CLASS members for no more than 40 hours worked in a workweek on a straight-time basis based on their hourly rate of pay, regardless of (a) how many hours in excess of 40 hours worked in a workweek, and (b) without increasing the overtime rate of pay to account for bonuses earned during the pay period.

70.    The primary job duties of FLSA-PLAINTIFFS and the FLSA-CLASS members did not involve exercising independent judgment.

71.    FLSA-PLAINTIFFS and the FLSA-CLASS members were employees of DEFENDANT engaged in commerce.

72.    FLSA-PLAINTIFFS and the FLSA-CLASS members were each an "employee" of DEFENDANT within the meaning of 29 U.S.C. § 203(e)(1).

73.    During the employment of FLSA-PLAINTIFFS and the FLSA-CLASS members, DEFENDANT was an "employer" within the meaning of 29 U.S.C. § 203(d).

74.     During the employment of FLSA-PLAINTIFFS and the FLSA-CLASS members, DEFENDANT was not exempt from the overtime obligations for an "employer" under the FLSA.

75.     During each year of employment of FLSA-PLAINTIFFS and the FLSA-CLASS members, DEFENDANT had an annual gross volume of sales made that was more than $500,000.

76.     During the employment of FLSA-PLAINTIFFS and the FLSA-CLASS members, DEFENDANT had employees engaged in commerce.

77.     During the employment of FLSA-PLAINTIFFS and the FLSA-CLASS members, DEFENDANT was an enterprise engaged in commerce within the meaning of 29 U.S.C. 203(s)(1).

78.     FLSA-PLAINTIFFS and the FLSA-CLASS members are similarly situated.

79.     During the employment of FLSA-PLAINTIFFS and the FLSA-CLASS members, each individual was covered by 29 U.S.C. § 207(a).

80.     At various times relevant to this action, FLSA-PLAINTIFFS and the FLSA-CLASS members worked more than 40 hours in a workweek.

81.     DEFENDANT did not pay FLSA-PLAINTIFF and the FLSA-CLASS members all the overtime compensation properly due for work performed in excess of 40 hours in a workweek.

82.    DEFENDANT and DEFENDANT's management were aware of the extra hours FLSA-PLAINTIFFS and the FLSA-CLASS members worked in excess of 40 hours in a workweek.

83.    At various times relevant to this action, FLSA-PLAINTIFFS and the FLSA-CLASS members earned bonuses during workweeks in which they worked in excess of 40 in a workweek, but—besides not paying them 1.5 times their hourly rates of pay—DEFENDANT did not increase their hourly rates of pay for overtime hours to account for the bonuses earned.

84.    At various times relevant to this action, DEFENDANT and DEFENDANT's managers falsely reduced FLSA-PLAINTIFFS' and the FLSA-CLASS members' actual hours by assigning them 30-minute lunch breaks, when in fact they continued to work—resulting in DEFENDANT not paying all the overtime compensation properly due for those workweeks.

85.    FLSA-PLAINTIFFS and the FLSA-CLASS members were subject to similar time-keeping policies and procedures.

86.    FLSA-PLAINTIFFS and the FLSA-CLASS members were supposed to be paid their proper overtime compensation at an hourly rate.

87.    FLSA-PLAINTIFFS and the FLSA-CLASS members were supposed to be paid their proper overtime compensation based on bonuses earned.

88.     DEFENDANT subjected FLSA-PLAINTIFFS and the FLSA-CLASS members to a common policy, practice, plan or scheme that required or permitted them to perform uncompensated work for the benefit of DEFENDANT in excess of 40 hours per workweek.

89.     DEFENDANT subjected FLSA-PLAINTIFFS and the FLSA-CLASS members to a common policy, practice, plan or scheme that required or permitted them to work more than 40 hours during each workweek without paying these employees all their overtime compensation properly due.

90.     FLSA-PLAINTIFF and the FLSA-CLASS members were not paid proper overtime compensation as required by 29 U.S.C. § 207(a) for all workweeks.

### *Rule 23 Class-Action Allegations - Unpaid Wages & Bonuses*

91.     The class that PLAINTIFFS seek to represent, called the "RULE 23 CLASS," is defined as:

> All current and former hourly paid employees of DEFENDANT who worked as Sales Representatives at Hartsfield-Jackson Atlanta International Airport, at anytime within four (4) years of the filing of this action, and who were not paid all wages and bonuses earned.

92.     The RULE 23 CLASS is so numerous that joinder of all RULE 23 CLASS members is impracticable.  PLAINTIFFS believe the RULE 23

CLASS contains more than 45 individuals, and the actual number of RULE

23 CLASS members can easily be ascertained through discovery.

93.    There are numerous questions of law and fact common to the

RULE 23 CLASS.  Those questions include but are not limited to:

(a)    Were the time records of the RULE 23 CLASS members, including PLAINTIFFS, falsified.

(b)    Was the compensation of managers of the Sales Representatives at Hartsfield-Jackson Atlanta International Airport based, at least in part, on depressing the total labor costs for hourly rate employees, including the RULE 23 CLASS members and PLAINTIFFS.

(c)    Was the full amount of wages due to each of the RULE 23 CLASS members, including PLAINTIFFS, paid for each pay period for all hours worked below 40 in a workweek.

(d)    Was the full net amount of bonuses earned and due to each of the RULE 23 CLASS members, including PLAINTIFFS, paid for each pay period.

(e)    Were wages earned of the RULE 23 CLASS members, including PLAINTIFFS, not paid without justification.

(f)    Were wages earned of the RULE 23 CLASS members, including PLAINTIFFS, not paid knowingly and intentionally.

(g)    Did a policy or practice exist under which the RULE 23 CLASS members, including PLAINTIFFS, worked off-the-clock for at least a 30-minute lunch period.

94.    The claims of PLAINTIFFS are typical of the claims of the RULE

23 CLASS, because PLAINTIFFS were hourly workers who worked as Sales

Representatives whose wages and bonuses DEFENDANT did not pay.

95.     PLAINTIFFS have no interests that are antagonistic or adverse to those of the RULE 23 CLASS members.

96.     PLAINTIFFS and the RULE 23 CLASS members were injured by the direct and proximate reason of DEFENDANT's unlawful conduct.

97.     PLAINTIFFS are adequate representatives of the RULE 23 CLASS.

98.     PLAINTIFFS will fairly and adequately protect the interests of the RULE 23 CLASS because they have retained counsel experienced in class- and collective-action litigation and complex litigation.

99.     PLAINTIFFS seek certification of a class under Fed. R. Civ. P. 23(b)(3).

100.    The failure to pay wages and bonuses by DEFENDANT, which remains ongoing, has had the effect of decreasing the total compensation paid for labor and services actually supplied to the detriment of the RULE 23 CLASS members—accordingly, equitable relief, including declaratory relief, that prevents DEFENDANT from continuing not to pay wages and bonuses earned and due is appropriate on a class-wide basis.

101.    The questions of law and fact common to all members of the RULE 23 CLASS predominate over any questions that may affect only individual RULE 23 CLASS members.

102.   A class action is a superior method of adjudicating the RULE 23 CLASS members' claims because individual actions would unnecessarily burden the Court and create the risk of inconsistent results.

103.   Given the costs and expenses required to prosecute the unpaid wage-and-bonus claims against DEFENDANT, the costs of individual actions will likely exceed or consume the amount recovered in most any individual action—accordingly, the cost and expense of pursuing individual actions will thus likely require individual RULE 23 CLASS Members to forego their claims against DEFENDANTS if they cannot prosecute such claims as RULE 23 CLASS members.

104.   PLAINTIFFS are not aware of any litigation concerning this controversy that has already been initiated by or against any RULE 23 CLASS members.

105.   Because many if not most RULE 23 CLASS members reside in this district and most if not all the events giving rise to this action took place in this district, it is both desirable and efficient to concentrate the litigation of these claims in this particular forum.

106.   This action is manageable because the evidence proving that DEFENDANT has been engaging in the alleged unlawful conduct is common to the RULE 23 CLASS members.  Furthermore, the identities of all the RULE 23 CLASS members are known to DEFENDANT.

### *Unlawful FLSA Retaliation – Plaintiff Michael High*

107.   On or about August 2017, Plaintiff MICHAEL HIGH complained to a DEFENDANT manager about not being paid overtime compensation.

108.   On or about August 2017, within a few days of complaining about DEFENDANT's violation of the FLSA's overtime requirement, Plaintiff MICHAEL HIGH was fired by DEFENDANT.

### *CLAIMS AGAINST THE DEFENDANT*

### Count 1
### *29 U.S.C. § 207(a)*
### (Unpaid Overtime Compensation)

109.   Paragraphs 1-90 above are re-alleged and incorporated by reference as if fully set forth herein.

110.   By engaging in the conduct alleged above in Paragraphs 13-90, DEFENDANT violated the FLSA with respect to FLSA-PLAINTIFFS and the FLSA-CLASS members described above in Paragraph 60 by not paying them all their overtime compensation properly due at the proper rate of pay for all hours worked in excess of 40 hours in a workweek, all in violation of 29 U.S.C. §§ 207(a), 216(b).

111.   By engaging in the conduct alleged above in Paragraphs 13-90, DEFENDANT willfully—*i.e.*, voluntarily, deliberately, intentionally, and with reckless disregard—violated the FLSA with respect to FLSA-

PLAINTIFFS and the FLSA-CLASS members described above in Paragraph 60, all in violation of 29 U.S.C. § 255.

112.   As a direct and proximate result of DEFENDANT's conduct alleged above in Paragraphs 13-90, FLSA-PLAINTIFFS and the FLSA-CLASS members described above in Paragraph 60 were not paid all wages due at the proper rate of pay in the manner required by the FLSA.

113.   As a direct and proximate result of DEFENDANT's conduct alleged above in Paragraphs 13-90, FLSA-PLAINTIFFS and the FLSA-CLASS members described above in Paragraph 60 were not paid all overtime compensation properly due them as required by the FLSA.

114.   DEFENDANT's conduct giving rise to this action was not in good faith and not based on any reasonable grounds for believing such conduct did not violate the FLSA.

115.   As a direct and proximate result of DEFENDANT's conduct alleged above in Paragraphs 13-90, FLSA-PLAINTIFFS and the FLSA-CLASS members described above in Paragraph 60 are entitled to recover their unpaid overtime compensation and an additional equal amount as liquidated damages, pre- and post-judgment interest, and reasonable attorney's fees and costs of this action, all through the date of entry of judgment, pursuant to 29 U.S.C. § 216(b), all in an amount to be determined at trial.

## Count 2
## *29 U.S.C. § 215(a)(3)*
## (Retaliation for Exercising FLSA Rights)

116.   Plaintiff MICHAEL HIGH re-alleges paragraphs 1-90 and 107-108 above and incorporates them by reference as if fully set forth herein.

117.   By engaging in the above-described conduct, DEFENDANT violated the FLSA with respect to Plaintiff MICHAEL HIGH by discriminating against him—the retaliatory firing as punishment—because he complained about DEFENDANT's failure to pay overtime compensation as required by the FLSA.

118.   As a result of the unlawful actions of DEFENDANT, Plaintiff MICHAEL HIGH has suffered and is continuing to suffer injury including, but not limited to, incurring pecuniary losses, emotional pain, suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

119.   Plaintiff MICHAEL HIGH seeks compensatory, punitive, and nominal damages, in addition to reasonable attorney's fees and costs of this action, all through the date of entry of a final non-appealable judgment, all pursuant to 29 U.S.C. § 216(b), and all in an amount to be determined as specified by law.

## Count 3
### *Breach of Contract*
### **(Unpaid Wages and Bonuses)**

120.   Paragraphs 1-42 and 91-106 above are re-alleged and incorporated by reference as if fully set forth herein.

121.   By engaging in the conduct alleged above in Paragraphs 13-42 and 91-106, DEFENDANT breached its contract with PLAINTIFFS and the RULE 23 CLASS members described above in Paragraph 91 by not paying them all their wages properly due for all hours worked below 40 in a workweek and all bonuses earned and properly due.

122.   As a direct and proximate result of DEFENDANT's conduct alleged above in Paragraphs 13-42 and 91-106, PLAINTIFFS and the RULE 23 CLASS members described above in Paragraph 91 were not paid all wages and bonuses properly due them under Georgia contract law.

123.   As a direct and proximate result of DEFENDANT's conduct alleged above in Paragraphs 13-90, PLAINTIFFS and the RULE 23 CLASS members described above in Paragraph 91 are entitled to recover their unpaid wages and bonuses and pre- and post-judgment interest, all through the date of entry of judgment, pursuant to 29 U.S.C. § 216(b), all in an amount to be determined at trial.

### Count 4
### *O.C.G.A. § 13-6-11*
### (Litigation Expenses)

124.   Paragraphs 1-42 and 91-106 above are re-alleged and incorporated by reference as if fully set forth herein.

125.   By engaging in the conduct alleged above in Paragraphs 1-42 and 91-106, DEFENDANT acted in bad faith, has been stubbornly litigious, and has caused PLAINTIFFS and the RULE 23 CLASS members described above in Paragraph 91 unnecessary trouble and expense.

126.   As a direct and proximate result of such conduct by DEFENDANT, PLAINTIFFS and the RULE 23 CLASS members described above in Paragraph 91 are entitled to their litigation expenses, including attorney's fees and costs related to this litigation, pursuant to O.C.G.A. § 13-6-11.

### ***PRAYER FOR RELIEF***

WHEREFORE, plaintiffs EUGENE ALLEN, HILARY ANIH, CHLOE BEVERLY, MICHAEL HIGH, JASON McCULLOUGH, CATHERINE RAGLAND, and MARLO ROSE respectfully pray that this Court enter judgment in their favor and in favor of the FLSA-CLASS members described above in Paragraph 60 and the RULE 23 CLASS members described above in Paragraph 91 and against DEFENDANT for:

A.     Certification of a collective-action class pursuant to 29 U.S.C. § 216(b).

B.     All amounts of unpaid overtime compensation that FLSA-PLAINTIFFS and the FLSA-CLASS members described above in Paragraph 60 would have received but for DEFENDANT's unlawful conduct, pursuant to 29 U.S.C. § 216(b).

C.     An additional equal amount of all unpaid overtime compensation as liquidated damages, pursuant to 29 U.S.C. § 216(b).

D.     All damages suffered by Plaintiff MICHAEL HIGH because of DEFENDANT's unlawful retaliation against him in violation of the FLSA.

E.     All reasonable attorney's fees and costs of the action through entry of judgment, pursuant to the FLSA, including all reasonable attorney's fees and costs for:

    (1)     the time spent plus costs reasonably incurred throughout this action relating to the claim of FLSA-PLAINTIFFS and the FLSA-CLASS members described above in Paragraph 60 under the FLSA;

    (2)     the time spent litigating both the entitlement to and amount of attorney's fees and costs incurred throughout this action plus costs of investigation and litigation reasonably incurred relating to the claim of FLSA-PLAINTIFFS and the FLSA-CLASS members described above in Paragraph 60 under the FLSA, whether in connection with any settlement,

compromise, any accepted offer of judgment under Fed. R. Civ. P. 68, or any

other form of judgment entered pursuant to Fed. R. Civ. P. 54-58;

(3)     the time spent litigating the fairness and reasonableness of

any settlement, compromise, or accepted offer of judgment under Fed. R. Civ.

P. 68, or any other form of judgment entered pursuant to Fed. R. Civ. P. 54-

58, pursuant to and as required by Lynn's Food Stores, Inc. v. United States,

679 F.2d 1350 (11th Cir. 1982), and

(4)     the time spent explaining to FLSA-PLAINTIFFS and the

FLSA-CLASS members described above in Paragraph 60 any settlement,

compromise, or accepted offer of judgment under Fed. R. Civ. P. 68, or any

other form of judgment entered pursuant to Fed. R. Civ. P. 54-58.

F.     Certification of a class action pursuant to Fed. R. Civ. P. 23.

G.     All amounts of unpaid wages and bonuses that PLAINTIFFS and

the RULE 23 CLASS members described above in Paragraph 91 would have

received but for DEFENDANT's unlawful conduct, pursuant to Georgia

contract law.

H.     All litigation expenses, including reasonable attorney's fees and

costs of the action, through entry of judgment, pursuant to the O.C.G.A. § 13-

6-11, including all reasonable attorney's fees and costs for:

(1)     the time spent plus costs reasonably incurred throughout this action relating to the claim of PLAINTIFFS and the RULE 23 CLASS members described above in Paragraph 91 under Georgia law;

(2)     the time spent litigating both the entitlement to and amount of litigation expenses, including attorney's fees and costs, incurred throughout this action plus costs of investigation and litigation reasonably incurred relating to the claim of PLAINTIFFS and the RULE 23 CLASS members described above in Paragraph 91 under Georgia law, whether in connection with any settlement, compromise, any accepted offer of judgment under Fed. R. Civ. P. 68 or O.C.G.A. § 9-11-68, or any other form of judgment entered pursuant to Fed. R. Civ. P. 54-58;

(3)     the time spent explaining to PLAINTIFFS and the RULE 23 CLASS members described above in Paragraph 91 any settlement, compromise, or accepted offer of judgment under Fed. R. Civ. P. 68 or O.C.G.A. § 9-11-68, or any other form of judgment entered pursuant to Fed. R. Civ. P. 54-58.

I.     Pre-judgment and post-judgment interest on all amounts awarded in this action, pursuant to the FLSA or Georgia law, including lost compensation, liquidated damages, and litigation expenses including attorney's fees, costs, and costs of investigation and litigation of this action.

J.     A declaration, pursuant to 28 U.S.C. § 2201, that DEFENDANT has breached its contract under Georgia law with PLAINTIFFS and the RULE 23 CLASS MEMBERS by not paying all wages and bonuses due.

K.     An order requiring DEFENDANT to direct its managers to stop falsifying hours worked by Sales Representatives.

L.     All such other and further relief as may be deemed just and proper.

## DEMAND FOR JURY TRIAL

**Plaintiffs demand a jury trial on all issues triable of right by a jury.**

Respectfully submitted,

**s/ Marc Garber**

ALAN H. GARBER
Georgia Bar No. 283840
ahgarber@garberlaw.net
MARC N. GARBER
Georgia Bar No. 283847
mngarber@garberlaw.net
THE GARBER LAW FIRM, P.C.
4994 Lower Roswell Rd Ste 14
Marietta, GA 30068-5648
(678) 560-6685
(678) 560-5067 (facsimile)

*Attorneys for the Plaintiffs and the Putative Classes*