IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EUGENE ALLEN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 1:18-cv-1950-MLB |
| ELITE PROMOTIONAL | ) | |
| MARKETING, INC., *etc.*, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT**

The parties now move, pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982), that the Court approve their settlement of (i) the FLSA overtime and state-law wage claims of plaintiffs Hilary Anih, Chloe Beverly, Michael High, Jason McCullough, Catherine Ragland, and Marlo Rose (collectively, "Plaintiffs")[1], and (ii) the amount of attorney's fees and costs Defendant has agreed to pay Plaintiffs' counsel.

Plaintiffs are receiving full compensation for their unpaid-wage claims totaling $8,235 with no additional settlement terms beyond releasing those claims—making the settlement per se fair and reasonable.[2]  See Dees v.

---

[1] Plaintiff Eugene Allen's sole claim was under Georgia for unpaid *straight-time* wages.  Thus, Lynn's Food's approval requirement does not apply to his settlement.

[2] When, as here, a plaintiff's state-law wage claim mimics his FLSA overtime claim, court approval of the entire settlement is appropriate.  See Shearer v. Estep Const., Inc., No. 6:14-CV-1658, 2015 WL 2402450, at *3-4 (M.D. Fla. May 20, 2015).

- 1 -

Hydradry, Inc., 706 F. Supp.2d 1227, 1239-40 (M.D. Fla. 2010) (full payment of FLSA wage claims with no side deals makes settlement *per se* fair and reasonable and ends the need for further judicial inquiry).  And because Plaintiffs are being fully paid and the amount of Plaintiffs' attorney's fees and costs of $18,500 was negotiated *separately* and *after* the wage claims were resolved, no reasonableness inquiry of Plaintiffs' attorneys fees using the lodestar analysis is necessary.[3]  Id.; Dunbar v. Wolf Bay Lodge, Inc., No. 15-cv-265, 2015 WL 6394515, at *2 (S.D. Ala. Oct. 22, 2015) (when attorney's fees are negotiated separately and without regard to the amount paid to the Plaintiff, the lodestar analysis is not necessary because the attorney's fees will not affect the fairness and reasonableness of the settlement).

The settlement further requires that, following Defendant's payments to Plaintiffs and their counsel, a notice of dismissal with prejudice shall be filed by Plaintiffs.  This provision accords with the requirement that all FLSA settlements be fair and reasonable by ensuring payment before dismissal of Plaintiffs' claims.  The settlement's terms are set forth in the identical attached agreements (besides names and amounts).  [Doc. 21-1.]

**Next**, the parties move that because plaintiff Michael High's individual claim of FLSA retaliation has ***not*** been resolved, the Court grant Plaintiffs

---

[3] In addition to seeking attorney's fees on their FLSA claims under 29 U.S.C. § 216(b), Plaintiffs also sought attorney's fees pursuant to O.C.G.A. § 13-6-11, based on their state-law claims for unpaid straight-time wages.

leave to file an amended complaint. The proposed amended complaint will drop all the unpaid-wage claims and allege only plaintiff High's individual retaliation claim.

A proposed order approving the settlement and granting plaintiff High leave to file an amended complaint is also attached. [Doc. 21-2.]

In sum, the parties' settlement fully satisfies the criteria governing court approval. A bona fide dispute exists under the FLSA as to whether Plaintiffs were properly compensated. The settlement was reached after the exchange and review of substantial information and materials. And the settlement was the result of arm's-length negotiations by counsel well-versed in wage-and-hour law.

For the reasons that follow, the settlement should be approved.

### *Stipulated Facts*

This suit was filed on May 3, 2018, alleging that Defendant violated both Georgia law and the FLSA by not paying Plaintiffs their proper straight-time and overtime wages. Doc. 1. After service, Defendant commenced the negotiations that produced the proposed settlement. The parties' negotiations lasted more than two months. See Docs. 8, 12, 17 (Defendant's consent motions to extend answer date).

After the parties' extensive discussions and review of documentary materials and factual information, Defendant agreed to pay a total of $8,235

to Plaintiffs as unpaid back overtime, liquidated damages, and unpaid straight-time wages. That figure represents the full amount of previously unpaid wages demanded by Plaintiffs.

After resolving Plaintiffs' FLSA and Georgia wage claims, the parties separately agreed on a compromise amount for Plaintiffs' claim for attorney's fees and costs of $18,500, which includes $495 for costs of filing and service. Plaintiffs' counsel agreed to an 18% reduction of $3,995 in their actual fees, which had a lodestar value of $22,000 (including the estimated time required to prepare the settlement documents and this Joint Motion).

Each of the six individual Plaintiffs agree that the settlement is fair and reasonable. And each one favors and approves the settlement.

### *Legal Argument*

### 1. *Full Compensation to Plaintiffs Makes the Parties Settlement Fair and Reasonable*

In Lynn's Food, the Eleventh Circuit explained that claims under the FLSA may be settled or compromised only if the Department of Labor supervises the payment of back wages or if the district court enters a stipulated judgment, but only "after scrutinizing the settlement for fairness." 679 F.2d at 1353. In addition, where FLSA claims are compromised, the Eleventh Circuit requires "judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no

conflict of interest taints the amount the wronged employee recovers under a settlement agreement."  Silva v. Miller, 307 F. App'x. 349, 351 (11th Cir. 2009) (*per curiam*).

Here, the proposed settlement payments represent full compensation for Plaintiffs.  As such, the settlement is *per se* fair and reasonable under Lynn's Food.  See Dees, 706 F. Supp.2d at 1239-40.

Also, no collusion or fraud occurred here.  The settlement was reached through counsel's arm's-length negotiation over a two-month period.  The resolution resulted in full compensation for Plaintiffs.  And there are no additional substantive terms in the settlement agreement beyond Plaintiffs' release of their wage claims.  See Dees, 706 F. Supp.2d at 1239-40 (full compensation with no side deals or additional settlement terms results in a *per se* fair and reasonable settlement).

In addition, each of the Plaintiffs approves of and finds the settlement to be fair and reasonable.  See Leverso v. SouthTrust Bank of Ala., 18 F.3d 1527, 1531 & n. 6 (11th Cir. 1994) (listing considerations used to approve a settlement).  Counsel advised each of the Plaintiffs of the range of possible outcomes and the substantial risks associated with the pursuit of conditional certification and a possible class-wide trial—including ultimately, if unsuccessful, potential liability for Defendant's costs.  See id.  Therefore, Plaintiffs and Defendant favored the settlement and avoidance of an

extension of the action.  Id.  And the parties' respective counsel favored the proposed settlements in light of the risks central to any trial.  Id.

Next, Plaintiffs were told that their counsel's attorney's fees and costs would be paid by Defendant separate from and in addition to Plaintiffs' recovery.  Thus, Plaintiffs would have no obligation to pay any attorney's fees or costs here.

In sum, with full compensation for Plaintiffs, the proposed settlement represents a fair and reasonable resolution of their claims.  See Dees, 706 F. Supp.2d at 1239-40.  The Court should thus approve the parties' settlement.

### 2. *No Reasonableness Inquiry Using a Lodestar Analysis is Required for the Proposed Amount of Plaintiffs' Counsel's Attorney's Fees and Costs*

The amount to be paid to Plaintiff's counsel in attorney's fees and costs of $18,500—which represents $18,005 in fees and $495 in costs for filing and service—was agreed on separately *and* after the parties had agreed on the payments to Plaintiffs.  Because Plaintiffs will receive full compensation and the proposed attorney's fees was negotiated without regard to Plaintiffs' payment, no further reasonableness inquiry is necessary under Lynn's Food. See id.; Dunbar, 2015 WL 6394515, at *2; see also Bonetti v. Embarq Mgmt. Co., 715 F. Supp.2d 1222, 1228 (M.D. Fla. 2009) ("[T]he best way to insure that no conflict has tainted the [FLSA] settlement is for the parties to reach

agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.").

Moreover, through counsel's efforts, Plaintiffs will receive full compensation for their FLSA and straight-time wage claims of $8,235, plus $1,050 for plaintiff Eugene Allen's straight-time wage claim—for a total recovery $9,285.  Thus, the attorney's fees payment of $18,005 thus bears a 1.94-to-1.0 ratio to all the plaintiffs' recovery—which is well within the acceptable range for the ratio of attorney's fees-to-recovery approved by the Eleventh Circuit, in this district, and by other district courts.[4]

### 3. **Payment of the Settlement**

The parties have agreed that Defendant shall tender Plaintiffs' settlement payments and counsel's attorney's fees and costs within 14 days of the Court's entry of an order approving the parties' FLSA settlement.  See Doc. 21-1: Settlement Agts ¶ 1.  Such payments shall be sent to The Garber Law Firm, P.C.  Id.  Within seven days of the payments' receipt, Plaintiffs shall file a notice of dismissal with prejudice.  Id. ¶ 6.

---

[4] E.g., McKenzie v. Cooper, Levins & Pastko, Inc., 990 F.2d 1183, 1185 (11th Cir. 1993) (12:1 ratio of award of attorney's fees to recovery approved in a Title VII case); Ekeberg v. Shook-Brown, No. 2:08-cv-0195-RWS, 2010 WL 1540129 (N.D. Ga. April 15, 2010) (approving a 3.6:1 ratio of a fees award to recovery); accord, e.g., Norman v. Alorica, Inc., No. 11-cv-0433, 2012 WL 5452196 (S.D. Ala. Nov. 7, 2012) (11.5:1 ratio for fees award to recovery).

## **CONCLUSION**

Accordingly, based on the foregoing facts, the parties' proposed settlement represents a fair and reasonable resolution of Plaintiffs' FLSA claim under Lynn's Food. The Court is therefore urged to approve the parties' settlement agreements.

The parties request that the Court enter their proposed order **(i)** approving the settlement agreements, and **(ii)** granting plaintiff Michael High leave to file an amended complaint that alleges only his FLSA retaliation claim.

Respectfully submitted,

**s/ *Marc Garber***
ALAN H. GARBER
Georgia Bar No. 283840
ahgarber@garberlaw.net
MARC N. GARBER
Georgia Bar No. 283847
mngarber@garberlaw.net
THE GARBER LAW FIRM, P.C.
4994 Lower Roswell Rd Ste 14
Marietta, GA 30068-5648
(678) 560-6685
(678) 560-5067 (facsimile)

*Counsel for Plaintiffs*

**s/ *Edward N. Boehm, Jr.***
Edward N. Boehm, Jr.
Georgia Bar No. 183411
tboehm@fisherphillips.com

FISHER & PHILLIPS LLP
1075 Peachtree Street, NE
Suite 3500
Atlanta, Georgia  30309
Telephone:  (404) 231-1400

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on October 30, 2018, the foregoing motion was filed with the Clerk using the Court's CM/ECF filing system, which will serve a copy on all counsel of record.

s/ *Marc N. Garber*
MARC N. GARBER