IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EUGENE ALLEN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 1:18-CV-1950-MLB |
| ELITE PROMOTIONAL | ) | |
| MARKETING, INC., *etc.*, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT MOTION FOR**
**APPROVAL OF FLSA SETTLEMENT - *RENEWED***

### I.  *The Settlement is Fair and Reasonable and Should be Approved*

#### I.A.  The Settlement Includes All Past-Due Overtime Wages and Liquidated Damages in an Equal Amount

The parties move, pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982), that the Court approve the proposed settlement of the FLSA overtime and related straight-time claims of **plaintiffs Hilary Anih, Chloe Beverly, Michael High, and Jason McCullough** (the "FLSA Plaintiffs").  The FLSA Plaintiffs will receive (i) the *full* amount of unpaid overtime claimed, (ii) *plus* liquidated damages in an equal amount, (iii) *plus* all past unpaid regular wages sought under Georgia breach-of-contract claims that mimic the plaintiffs' FLSA overtime claims. See Shearer v. Estep Const., Inc., No. 6:14-CV-1658, 2015 WL 2402450, at *3-

4 (M.D. Fla. May 20, 2015) (under <u>Lynn's Food</u>, when a plaintiff's FLSA overtime claim mimics his state-law wage claim, court approval of the entire settlement is appropriate).

Under the settlement, the defendant will pay a total of $5,025 to the FLSA Plaintiffs and $10,175 in attorney's fees and costs to the FLSA Plaintiffs' counsel.  And no FLSA minimum wage violations occurred.

Therefore, because the FLSA Plaintiffs will receive all alleged unpaid overtime wages plus liquidated damages (and all unpaid straight-time wages), the settlement is per se fair and reasonable and should be approved. <u>Dees v. Hydradry, Inc.</u>, 706 F. Supp.2d 1227, 1239-40 (M.D. Fla. 2010) (full payment of FLSA wage claims with no side deals makes settlement per se fair and reasonable and ends the need for further judicial inquiry).

- - - - - - - - - - - - - - - - -

*1. **The Individual Settlement Payments**.* The breakdown for each of the FLSA Plaintiffs' payments is:

### Plaintiff Hilary Anih

At various times during 03/17 to 08/18 (73 weeks), plaintiff Anih alleges his managers understated his weekly hours by a total of about 122 hours, of which a total of 8.0 hours was overtime with a maximum of 1.0 overtime hour in any workweek—yielding an average of 1.67 unpaid hours per workweek [122 hrs ÷ 73 wks].

**- Unpaid Overtime (from 03/17 to 08/18)**

8.0 hours x $10/hr x 1.5                         $ 120.00

Liquidated Damages                               $ 120.00

     ***Total Unpaid OT + Liq.Dmgs***                 ***$ 240.00***

**- Unpaid Straight-Time (from 03/17 to 08/18)**

114 hours x $10/hr                               $1,140.00

     ***Total Payment by Defendant***                 ***$1,380.00***

## <u>Plaintiff Cloe Beverly</u>

At various times during 09/16 to 04/17 (30 weeks), plaintiff Beverly alleges her managers understated her weekly hours by a total of about 30.5 hours, of which a total of 6.0 hours was overtime with a maximum of 2.0 overtime hours in any workweek—yielding an average of 1.01 unpaid hours per workweek [30.5 hrs ÷ 30 wks].

**- Unpaid Overtime (from 09/16 to 04/17)**

6.0 hours x $10/hr x 1.5                          $ 90.00

Liquidated Damages                               $ 90.00

     ***Total Unpaid OT + Liq.Dmgs***                 ***$ 180.00***

**- Unpaid Straight-Time (from 09/16 to 04/17)**

24.5 hours x $10/hr                              $ 245.00

     ***Total Payment by Defendant***                 ***$ 425.00***

## Plaintiff Michael High

At various times during 01/17 to 06/17 (26 weeks), plaintiff High alleges his managers understated his weekly hours by a total of about 97.5 hours, of which a total of 20.0 hours was overtime with a maximum of 2.0 overtime hours in any workweek—yielding an average of 3.75 unpaid hours per workweek [97.5 hrs ÷ 26 wks].

**- Unpaid Overtime (from 01/17 to 06/17)**

| | |
|---|---|
| 20.0 hours x $10/hr x 1.5 | $ 300.00 |
| Liquidated Damages | $ 300.00 |
| ***Total Unpaid OT + Liq.Dmgs*** | ***$ 600.00*** |

**- Unpaid Straight-Time (from 01/17 to 06/17)**

| | |
|---|---|
| 77.5 hours x $10/hr | $ 775.00 |
| ***Total Payment by Defendant*** | ***$ 1,375.00*** |

## Plaintiff Jason McCullough

At various times during 08/16 to 08/17 (50 workweeks), plaintiff McCullough alleges his managers understated his weekly hours by a total of about 148.5 hours, of which a total of 18.0 hours was overtime based on 1.5 overtime hours per month—yielding an average of 2.97 unpaid hours per workweek [148.5 hrs ÷ 50 wks].

**- Unpaid Overtime (from 08/16 to 08/17)**

| | |
|---|---|
| 18.0 hours x $10/hr x 1.5 | $ 270.00 |
| Liquidated Damages | $ 270.00 |
| ***Total Unpaid OT + Liq.Dmgs*** | ***$ 540.00*** |

**- Unpaid Straight-Time (from 03/17 to 08/18)**

| | |
|---|---|
| 130.5 hours x $10/hr | $1,305.00 |
| ***Total Payment by Defendant*** | ***$1,845.00*** |

- - - - - - - - - - - - - - - - - -

**2. *No Minimum Wage Issue*.** Despite working off the clock, the FLSA Plaintiffs suffered *no* FLSA minimum-wage violations (in answer to the Court's query during the November 16, 2018 telephonic hearing). See 29 U.S.C. § 206.

To comply with FLSA's minimum wage rule, an employee's "regular rate of pay" must equal or exceed the statutory minimum. Walling v. Helmerich & Payne, 323 U.S. 37, 40 (1944). An employee's "regular rate of pay" is computed by dividing their total non-overtime compensation in a workweek by the total number of non-overtime hours actually worked in that workweek. Id.

The FLSA Plaintiffs were each paid $10 per hour. The FLSA minimum wage is $7.25 an hour. 29 U.S.C. § 206(a)(1)(C). So, based on a 40-hour workweek and a $10.00 hourly wage, for an employee's regular rate of pay to fall below the FLSA's $7.25 statutory minimum, that individual would have

to work off the clock for at least 11.01 hours in the workweek [28.99 x $10 = $289.90 ÷ 40 hrs = $7.2475].

Here, however, the lowest regular rate of pay for any of the FLSA Plaintiffs was plaintiff Michael High's $9.06, based on his weekly average of 3.75 unpaid hours [total actual pay (36.25 hrs/wk x $10/hr = $362.50) ÷ total actual hours (40.00 hrs) = $9.06/hr]. That net hourly amount is well above the FLSA's $7.25 statutory minimum.

Accordingly, under Lynn's Food, because FLSA Plaintiffs Anih, Beverly, High, and McCullough will be paid in full for all their past-due FLSA overtime wages claimed, all liquidated damages, and all past-due straight-time wages, and because no FLSA minimum wage violations occurred and no settlement conditions (such as confidentiality) exist beyond the release of their individual wage claims, the parties FLSA settlement is per se fair and reasonable. Dees, 706 F. Supp.2d at 1239-40. Court approval should be granted.

***The Attorney's Fees Payment Should Be Approved***. The settlement proposes that attorney's fees and costs of $10,175 will be paid to plaintiffs' counsel pursuant to FSLA § 216(b).[1] Because the FLSA Plaintiffs will receive

---

[1] Besides seeking attorney's fees under the FLSA, 29 U.S.C. § 216(b), all seven plaintiffs alleged a claim for litigation expenses, including attorney's fees and costs, under O.C.G.A. § 13-6-11, based on their claim for unpaid straight-time wages under Georgia law. [Doc. 1: Cmplt Ct 4 at 23.]

*full FLSA compensation* (all unpaid wages claimed plus liquidated damages), no reasonableness inquiry into plaintiffs' attorney's fees using the lodestar method is necessary under Lynn's Food. Id. An entirely separate and independent ground for approving the attorney's fees payable to plaintiffs' counsel under the settlement is that the parties negotiated the attorney's fees figure *separately* and *after* resolving the FLSA Plaintiffs' wage claims. Here again, as when full FLSA compensation will be paid, no reasonableness inquiry under Lynn's Food is necessary. Id.

As Dees discussed, when a plaintiff receives full FLSA compensation, the amount of attorney's fees will not impact the settlement—thereby eliminating the need for any reasonableness inquiry. See id.; Dunbar v. Wolf Bay Lodge, Inc., No. 15-CV-265, 2015 WL 6394515, at *2 (S.D. Ala. Oct. 22, 2015). Likewise, when the attorney's fees amount is negotiated separately and without regard to the amount of the past-due wages payment, then no lodestar analysis is necessary, *because* the attorney's fees figure will have no impact on the fairness and reasonableness of the settlement of the plaintiff's FLSA claim. Dees, 706 F. Supp.2d at 1239-40; Dunbar, 2015 WL 6394515, at *2; see also Bonetti v. Embarq Mgmt. Co., 715 F. Supp.2d 1222, 1228 (M.D. Fla. 2009) ("[T]he best way to insure that no conflict has tainted the [FLSA] settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.").

What is more, the parties' proposed attorney's fees payment of $10,175 bears a 2.02-to-1.00 ratio to the FLSA Plaintiffs' total recovery of $5,025. This ratio falls far well below substantially higher ratios of attorney's fees to recovery approved by the Eleventh Circuit and courts in this circuit.[2]

Therefore, as the FLSA Plaintiffs will receive all past-due wages claimed plus liquidated damages, and because the proposed attorney's fees payment was negotiated separately and after resolving the amount of the FLSA back-wage payments, the attorney's fees and costs to be paid to the FLSA Plaintiffs' counsel in the amount of $10,175 should be approved.

### I.B.  Motion to Dismiss Two Plaintiffs' FLSA Claims

The parties also move that the Court approve the settlements of **plaintiffs Catherine Ragland and Marlo Rose** that dismiss with prejudice their FLSA overtime claims and pay their past-due straight-time wages based on Georgia breach-of-contract claims that mimic their FLSA claims.  The Court's approval is required because "the FLSA does not permit employees to . . . voluntarily dismiss with prejudice . . . their statutory claims

---

[2] McKenzie v. Cooper, Levins & Pastko, Inc., 990 F.2d 1183, 1185 (11th Cir. 1993) (approving a 12:1 ratio between the plaintiff's attorney's fees award and plaintiffs' recovery in a Title VII case); see, e.g., Norman v. Alorica, Inc., No. 11-CV-0433, 2012 WL 5452196, *2 (S.D. Ala. Nov. 7, 2012) (in FLSA case, approving a fee award with an 11.5-to-1 ratio to the recovery): see also Hensley v. Eckerhart, 461 U.S. 424, 433 n.7 (1983) (the standards for awarding attorney's fee under 42 U.S.C. § 1988 apply to all attorney's fees statutes).

without approval from a district court[.]" Farias v. Trade Secrets, LLC, No. 6:14-CV-880-ORL-37, 2014 WL 8771497, at *1 (M.D. Fla. Sept. 18, 2014).

The evidence exchanged by the parties showed that plaintiffs Ragland and Rose had *no* unpaid overtime. Their only allegedly unpaid wages were for straight time—which amounts will be paid in full under the settlement.

Also, *no* FLSA minimum wage violations occurred in regard to plaintiffs Ragland and Rose. They were paid $10 per hour. And their unpaid work-time never exceeded 0.5 hours in any workweek. Thus, their regular rates of pay never fell below the FLSA minimum of $7.25 [total actual pay (39.5 hrs x $10 = $395) ÷ total actual hours (40.0) = $9.88/hr > $7.25/hr].

### I.C. <u>Conclusion: The Settlement Should be Approved</u>

The parties' settlement here fully satisfies the criteria governing court approval under <u>Lynn's Food</u>. A bona fide dispute exists under the FLSA as to whether the plaintiffs were properly paid for all their overtime. The settlement was reached after the exchange and review of substantial information and materials. The settlement was also the product of arm's-length negotiations by counsel well versed in wage-and-hour law.

The settlement for FLSA Plaintiffs Anih, Beverly, High, and McCullough covers *all* past-due overtime claimed, *plus* liquidated damages in an equal amount, *plus* all past-due straight-time wages claimed and totals $5,025 [$780 OT + $780 Liq.Dmgs + $3,465 ST]. No minimum wage

violations occurred.  And the settlement has no other terms affecting any legal rights beyond the release of their FLSA and straight-time wage claims. Therefore, under <u>Lynn's Food</u>, because the settlement fully compensates FLSA plaintiffs Anih, Beverly, High, and McCullough for their past-due FLSA overtime wages and liquidated damages with no other conditions except the release of their wage claims, the parties' settlement is per se fair and reasonable—including the agreed amount of attorney's fees to be paid to plaintiffs' counsel.  <u>Dees</u>, 706 F. Supp.2d at 1239-40.

As for plaintiffs Ragland and Rose, they have no meritorious FLSA overtime or minimum wage claims.  They will be paid all their past-due straight-time wages based on a state-law claim that mimics their FLSA overtime allegations.  <u>See</u> <u>Shearer</u>, 2015 WL 2402450, at *3-4.  And their settlement has no terms affecting any legal rights except for the release of their wage claims.  Therefore, the dismissal of plaintiffs Ragland and Rose's FLSA overtime claims as part of the parties' settlement represents a fair and reasonable resolution under the <u>Lynn's Food</u> analysis and should be approved.  <u>Farias</u>, 2014 WL 8771497, at *1.

- - - - - - - - - - - - - - - - - -

***<u>Proposed Order</u>.***  A proposed form of order approving the parties' FLSA settlement has been submitted with this motion. [Doc. 25-2.]

## II.   The Settlement Provision Requiring Dismissal But Only After Payment is Fair and Reasonable

The parties' settlement requires that, following the defendant's payments to the six plaintiffs and their counsel, a notice of dismissal with prejudice will be filed by the plaintiffs.  This provision accords with the requirement that all FLSA settlements be fair and reasonable by ensuring payment of all past-due wages before dismissal of the plaintiffs' claims.

- - - - - - - - - - - - - - - - -

The settlement's complete terms are set forth in the identical attached agreements (other than names and amounts).  [Doc. 25-1.]

## III.  Plaintiff Michael High Should Be Permitted to File an Amended Complaint after Dismissal of All the FLSA Overtime Claims

Plaintiff High, in addition to his FLSA overtime claim, filed a claim of FLSA retaliation.  [Doc. 1: Cmplt Ct 2 at 21.]  No settlement was reached on that claim.  [Doc. 25-1 at 10-13 (settlement agreement for M. High).]

The parties therefore move that the Court grant plaintiff High leave to move to file an amended complaint.  The proposed amended complaint will drop all the unpaid-wage claims (which will be dismissed under the settlement) and allege only plaintiff High's individual retaliation claim.

The proposed order approving the settlement also grants plaintiff High leave to file an amended complaint is also attached.  [Doc. 25-2.]

## IV.  **Stipulated Facts**

This suit was filed on May 3, 2018, alleging that Defendant violated both Georgia law and the FLSA by not paying the seven plaintiffs their proper overtime and straight-time wages.  [Doc. 1.]  After service, Defendant commenced the negotiations that produced the proposed settlement.  The parties' negotiations lasted more than two months.  [Docs. 8, 12, 17 (Defendant's consent motions to extend answer date).]

After the parties' extensive discussions and review of documentary materials and factual information, Defendant agreed to pay a total of $5,025 to the FLSA Plaintiffs as unpaid back overtime, liquidated damages, and unpaid straight-time wages.  That figure represents the full amount of previously unpaid wages demanded by the FLSA Plaintiffs.

After resolving the FLSA Plaintiffs' FLSA and Georgia wage claims, the parties separately agreed on a compromise amount for FLSA Plaintiffs' claim for attorney's fees and costs of $10,175.  That includes $495 for costs of filing and service.

Each of the six individual plaintiffs alleging FLSA claims agree that the settlement is fair and reasonable.  And each one favors and approves the settlement.

## CONCLUSION

The parties request that the Court enter their proposed order **(i)** approving the settlement agreements, and **(ii)** granting plaintiff Michael High leave to file an amended complaint that alleges only his FLSA retaliation claim.

Respectfully submitted,

**s/ Marc Garber**
ALAN H. GARBER
Georgia Bar No. 283840
ahgarber@garberlaw.net
MARC N. GARBER
Georgia Bar No. 283847
mngarber@garberlaw.net
THE GARBER LAW FIRM, P.C.
4994 Lower Roswell Rd Ste 14
Marietta, GA 30068-5648
(678) 560-6685
(678) 560-5067 (facsimile)

**Counsel for Plaintiffs**

**s/ Edward N. Boehm, Jr.**
Edward N. Boehm, Jr.
Georgia Bar No. 183411
tboehm@fisherphillips.com

FISHER & PHILLIPS LLP
1075 Peachtree Street, NE
Suite 3500
Atlanta, Georgia  30309
Telephone:  (404) 231-1400

**Counsel for Defendant**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that on November 25, 2018, the foregoing motion was filed with the Clerk using the Court's CM/ECF filing system, which will serve a copy on all counsel of record.

<u>s/ *Marc N. Garber*</u>
MARC N. GARBER